UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TERAS CHARTERING, LLC,

      Plaintiff,

      v.

HYUPJIN SHIPPING CO., LTD,

      Defendant.

CASE NO. C16-0188RSM

ORDER DENYING MOTION FOR RECONSIDERATION

THIS MATTER comes before the Court on Defendant's Motion for Reconsideration. Dkt. #63.[1] On August 14, 2017, Defendant filed its motion asking the Court to reconsider its prior Order granting in part and denying in part its motion for summary judgment. *Id.* The Court then requested a response from Plaintiff, which has since been filed. Dkts. #67 and #69, #70 and #71.

"Motions for reconsideration are disfavored." LCR 7(h). "The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." LCR 7(h)(1). In this case, the Court is not persuaded that it should reconsider its prior Order.

---

[1] The Court acknowledges that Defendant subsequently submitted a praecipe to replace its motion, the supporting Declaration, and the exhibits thereto with corrected versions of those documents. Dkt. #68. The Court has reviewed those filings and will cite to them where appropriate.

ORDER
PAGE - 1

Defendant first argues that the Court committed manifest error in its prior ruling because it relied on inadmissible evidence presented by Plaintiff to conclude that a question of fact existed with respect to the vessel's readiness. Dkt. #68-1 at 1-7. Specifically, Defendant argues that two exhibits considered by the Court were unauthenticated, and therefore inadmissible, and that those two exhibits also constituted inadmissible hearsay. *Id.*

With respect to authenticity, the Court finds Defendant's argument disingenuous. First, Defendant has already admitted during discovery that one of the documents is authentic. Dkt. #71, Ex. 1 at 2. Second, the Court agrees with Plaintiff that the documents at issue have been properly authenticated by review of their contents and in consideration of the context in which they were used. *See* Dkt. #69 at 5. Likewise, the Court is also not persuaded by Defendant that the documents at issue are hearsay. Both of the documents fall within the hearsay exception under Federal Rule of Evidence 803(6).

The Court also finds that Defendant has not present new facts or legal authority which could not have been brought to the Court's earlier attention with reasonable diligence. Indeed, Defendant was made aware of Plaintiff's proposed trial witnesses on May 26, 2017, prior to the due date of its supplemental briefing on summary judgment. Dkt. #68-3. Further, the argument presented by Defendant in the instant motion with respect to the Court's interpretation of the effect of the Booking Note's Notice of Readiness provisions was already presented to the Court on the motion for summary judgment, and the Court rejected that argument for the reasons set forth previously. *See* Dkts. #68-1 at 7-10 and #62.

Accordingly, for all of these reasons, Defendant's Motion for Reconsideration (Dkt. #63) is DENIED.

DATED this 20th day of September, 2017.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER
PAGE - 3