UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TERAS CHARTERING, LLC,<br><br>Plaintiff,<br><br>v.<br><br>HYUPJIN SHIPPING CO., LTD.,<br><br>Defendant. | Case No. C16-0188RSM<br><br>ORDER REGARDING MOTIONS IN LIMINE |

THIS MATTER comes before the Court on the parties' Motions in Limine. Dkts. #73 and #75. Having reviewed the motions, the response thereto, and the remainder of the record, the Court hereby finds and ORDERS as follows.

**A. Defendant's Motions In Limine**

Having reviewed Defendant's Motions In Limine (Dkt. #73), the Court now GRANTS IN PART, DENIES IN PART and RESERVES IN PART the motions as detailed below:

1. Defendant's Motion In Limine No. 1, seeking to preclude Plaintiff from putting on evidence or making argument in support of a "running laytime" approach to detention, and precluding Plaintiff from putting on evidence or making any argument that Hyupjin is not entitled to any "grace period" for the Masan cargo, is DENIED. As this Court has previously noted, "laytime" is the period of time allowed for loading and unloading the vessel. The Court has also recognized that under the Booking Notes in this case, laytime starts running upon the Issuance of a Notice of Readiness and continues uninterruptedly

ORDER - 1

until discharge is complete. Dkt. #56 at 10. However, the Booking Notes do not specify a quantity of laytime, thus the Court has determined that Defendant was entitled to a reasonable time to load and unload, and the question of reasonableness remains for trial. Dkts. #56 at 11 and #62 at 13. Thus, the Court agrees that Plaintiff may present its theory and evidence with respect to when laytime began to run, in order to argue what a reasonable amount of time was to discharge cargo in Guanta. With respect to Defendant's request to preclude evidence or argument that Hyupjin is not entitled to any "grace period" for the Masan cargo, the Court will DENY the motion. The Court notes that the M/V NORFOLK did not miss the laycan in Masan, as it arrived within the laycan period; thus, under the Court's interpretation of the terms at issue in this case, the Court is persuaded that even if the grace period provision had applied to Masan, it would not have begun to run because Plaintiff did not "miss the laycan" in Masan.

2. Defendant's Motion In Limine No. 2, seeking to preclude Plaintiff from putting on evidence or making argument on issues for which it failed to produce a 30(b)(6) witness is RESERVED. The parties may make appropriate objections during trial with respect to these issues, and the Court will make its ruling at that time.

3. Defendant's Motion In Limine No. 3, seeking to preclude Plaintiff's expert from offering improper legal conclusions is RESERVED. All parties acknowledge that expert witnesses are not permitted to testify as to improper legal conclusions. However, the Court will make such a determination at the time of trial with respect to specific testimony offered by the parties.

4. Defendant's Motion In Limine No. 4, seeking to preclude Plaintiff from offering expert opinions not previously disclosed is DENIED. Defendant can address Mr. Clark's calculations and methodology through its own expert witness.

5. Defendant's Motion In Limine No. 5, seeking a ruling from the Court that Email Correspondence at Bates Stamp No. TER-HYU 00345 and P000121-124 should be deemed authentic and admissible is GRANTED. Defendant appeared to dispute this motion based on its own motion in limine to exclude the documents; however, Plaintiff withdrew that motion in limine during the parties' Pretrial Conference with the Court on February 26, 2018.

**B. Plaintiff's Motions In Limine**

Having reviewed Plaintiff's Motions In Limine (Dkt. #75), the Court now DENIES that motion which was not already withdrawn as detailed below:

1. Plaintiff's Motion in Limine No. 1, seeking to preclude the introduction of late produced documents has been WITHDRAWN by Plaintiff during the parties' Pretrial Conference with the Court on February 26, 2018.

2. Plaintiff's Motion in Limine No. 2, seeking to authenticate all of Plaintiff's documents by way of Declaration of Anita Ray is DENIED. Defendant has already agreed to stipulate to the authenticity of a number of Plaintiff's exhibits; however, as to the remaining exhibits, it is not clear to the Court at this time that Ms. Ray could properly authenticate all of those exhibits in any manner. Accordingly, Plaintiff should be prepared to authenticate its exhibits at trial as necessary. Nothing in this Order precludes Plaintiff from securing a Declaration from Ms. Ray in an attempt to authenticate those exhibits that Plaintiff feels she can authenticate, to be reviewed by Defendant prior to

trial.  If the parties agree that any such documents are properly authenticated through that Declaration, the Court would allow such authentication by Declaration at trial.

DATED this 28 day of February, 2018.

                                                              A
RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER - 4