UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

|  |  |
|---|---|
| TERAS CHARTERING, LLC, | CASE NO. C16-0188 RSM |
| Plaintiff, | ORDER GRANTING MOTION FOR ATTORNEYS' FEES |
| v. |  |
| HYUPJIN SHIPPING CO., LTD, |  |
| Defendant. |  |

THIS MATTER comes before the Court on Defendant's Motion for Attorney Fees. Dkt. #94. This motion follows a two-day bench trial and Order from this Court directing a verdict in favor of Defendant. Dkts. #89, #90 and #92. Defendant now asks the Court for an award of attorneys' fees in the amount of $254,316.00. Dkt. #94. Plaintiff has failed to respond to the motion.

"When it sets a fee, the district court must first determine the presumptive lodestar figure by multiplying the number of hours reasonably expended on the litigation by the reasonable hourly rate." *Intel Corp. v. Terabyte Int'l, Inc.*, 6 F.3d 614, 622 (9th Cir. 1993). The reasonable hourly rate is determined with reference to the prevailing rates charged by attorneys of comparable skill and experience in the relevant community. *See Blum v. Stetson*, 465 U.S. 886, 895 (1984). In determining the reasonable number of hours expended on the litigation, the Court may exclude any excessive, redundant, or otherwise unnecessary hours billed. *Hensley v.*

ORDER
PAGE - 1

*Eckerhart*, 461 U.S. 424, 434 (1983). The Court may also adjust the lodestar with reference to factors set forth in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 69-70 (9th Cir. 1975). The relevant Kerr factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; and (3) the skill requisite to perform the legal services properly. "The lodestar amount presumably reflects the novelty and complexity of the issues, the special skill and experience of counsel, the quality of representation, and the results obtained from the litigation." *Intel*, 6 F.3d at 622.

As an initial matter, the Court notes that "[e]xcept for motions for summary judgment, if a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit." LCR 7(b)(2). Given the history of this matter, the Court deems Plaintiff's failure to file an opposition to be such an admission.

Turning to the reasonableness of the requested rates, the Court finds the rates to be reasonable. Defendant seeks rates of $265/hour for attorney Chris Nicoll, $200/hour for attorney Jeremy Jones, and $125/hour for their paralegal. Dkt. #95 at ¶ 3. "The party seeking fees bears the burden of documenting the hours expended in the litigation and must submit evidence supporting . . . the rates claimed." *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 945-46 (9th Cir. 2007) (citing *Hensley,* 461 U.S. at 433). In the Ninth Circuit, "the determination of a reasonable hourly rate 'is not made by reference to the rates actually charged the prevailing party.'" *Welch*, 480 F.3d at 946 (quoting *Mendenhall v. Nat'l Transp. Safety Bd.*, 213 F.3d 464, 471 (9th Cir. 2000)). "Rather, billing rates should be established by reference to the fees that private attorneys of an ability and reputation comparable to that of prevailing counsel charge their paying clients for legal work of similar complexity." *Id.* (internal quotation omitted). "Affidavits of the plaintiffs' attorney and other attorneys regarding prevailing fees in the community, and rate

ORDER
PAGE - 2

determinations in other cases, particularly those setting a rate for the plaintiffs' attorney, are satisfactory evidence of the prevailing market rate." *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990). "Generally, when determining a reasonable hourly rate, the relevant community is the forum in which the district court sits." *Camacho v. Bridgeport Fin., Inc., 523 F.3d 973, 979* (9th Cir. 2008) (vacating award of attorneys' fees in Fair Debt Collection Practices Act case where district court failed to identify the relevant community or address the prevailing market rate).

In this case, Defendant has presented evidence supporting the reasonableness of the rates requested in this market. *See* Dkts. #95, #96 and #97. Given the Court's familiarity with the market and the rates typically charged by experienced attorneys in these types of cases, the Court finds the rates to be reasonable. The Court also notes that Plaintiff does not challenge any of the rates requested by Defendant.

The Court now turns to the reasonableness of the hours requested. "The party seeking fees bears the burden of documenting the hours expended in the litigation and must submit evidence supporting" the request. *Hensley*, 461 U.S. at 433. Defendant has presented a summary of the time spent defending this action, along with supporting Declarations explaining the reasons that those hours were incurred, plus information regarding complications caused by the fact that the parties are international. Dkts. #95 and #96. The record supports the number of hours requested, and Plaintiff has declined to oppose the request. Accordingly, the Court will award Defendant the total hours requested. The Court does not find it necessary to make any lodestar adjustments. Defendant has sought an award of costs through a separate Bill of Costs, which remains pending before the Court.

ORDER
PAGE - 3

Having considered Defendant's Motion for Attorneys' Fees, the Declarations and Exhibits in support thereof, and the remainder of the record, the Court hereby finds and ORDERS that Defendant's motion (Dkt. #94) is GRANTED. Defendant Hyupjin Shipping Co., Ltd. is awarded **attorneys' fees in the amount of $254,316.00.**

DATED this 25th day of April 2018.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE